# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| JOHN L. HARTSOE,<br><br>  Plaintiff,<br><br>vs.<br><br>DONNA HEISEL, MIKE GEHL, LUCKY LARSON, DEBRA CHRISTOPHER, CHUCK WALL, MARK RUSSELL, KENNETH MAUGHAN, OFFICER TODD, DERRICK THRODEN, SANDY VAN SKYOCK, and JOHN DOES 1-3,<br><br>  Defendants. | Cause No. CV 11-0017-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On March 3, 2011, this Court issued its initial prescreening Order allowing Plaintiff John Hartsoe the opportunity to file an amended complaint on his false arrest, conspiracy, and excessive force claims. (Dkt. 4). All other claims have been recommended for dismissal. Although Hartsoe discussed the claims recommended for dismissal in his amended complaint, those arguments have been construed as objections to the Findings and Recommendations and will not be

addressed herein. Those objections will be addressed by Judge Molloy in his Order on the Findings and Recommendations.

## I. STATEMENT OF CASE

### A. Parties

Hartsoe is a state prisoner proceeding without counsel. He is still incarcerated at Cascade County Detention Center in Great Falls, Montana.

In his Amended Complaint, Hartsoe names the same Defendants as named in his original Complaint. Defendants Christopher, Wall, Russell, Maughan, Todd, Throden, and Van Skyock have been recommended for dismissal. Thus, the Court will only address the claims against Defendants Donna Heisel, Hartsoe's former wife; Mike Gehl, a detective with the Lake County Sheriff's Department; Lucky Larson, Sheriff of Lake County; and John Does 1-3, police officers with the St. Ignatius Police Department, the Lake County Sheriff's Department, and a tribal officer for the Salish and Kootenai Indian Tribe.

### B. Factual Background and Allegations

The only claims remaining in this case arise out of an incident on March 20, 2008 when Hartsoe had a verbal argument with Ms. Heisel. On that date, Hartsoe alleged that Ms. Heisel started yelling at him and so he "put on headphones, strapped on a gun as had been done hundreds of times before and proceeded to

leave the house." Ms. Heisel yelled something at Hartsoe as he was leaving and Hartsoe replied, "No one gets out alive." (Dkt. 2, p. 13). Hartsoe then went to the electric pole and turned off the electricity to the home and turned off the phone.

At some point Ms. Heisel left the property and Defendants Gehl, and John Does 1-3 arrived in response to a "dropped 911 call." (Dkt. 2, p. 13). When the officers arrived, Hartsoe put his hands up and said, "I'm no threat to you, She lied, please leave my property." (Dkt. 2, p. 13). John Doe #3 talked to Hartsoe for an unspecified amount of time and throughout the conversation Hartsoe repeatedly asked the officers to leave his property. Ultimately, John Doe #1 tased Hartsoe twice. (Dkt. 2, p. 13). Hartsoe was arrested for assault with a weapon, resisting arrest, destruction of a telecommunication device, and domestic abuse. (Dkt. 6, p. 8).

Based upon this incident, Hartsoe alleges Ms. Heisel filed a false police report and conspired with Detective Gehl to get Hartsoe arrested (Dkt. 2, p. 12, ¶ 22) and John Does 1-3 and Detective Gehl conspired to arrest Hartsoe (Dkt. 2, p. 12, ¶ 23), assaulted him, and lied in police reports. (Dkt. 2, p. 12, ¶ 24). Hartsoe also alleged in the original complaint that Sheriff Larson conspired to raise his bail. (Dkt. 2, p. 12, ¶ 26).

## II. REMAINING CLAIMS

### A. False Arrest and Conspiracy

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001) (citation omitted). "Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to cause a reasonably prudent person to believe that a crime has been committed." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1053 (9th Cir. 2009). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).

In its prior Order, the Court determined that Hartsoe had not alleged sufficient facts to determine whether he stated a claim for false arrest. (Dkt. 4, p. 16). In the Amended Complaint, the only new information provided was a listing of the actual charges Hartsoe was arrested on: assault with a weapon, resisting arrest, destruction of a telecommunication device, and domestic abuse. (Dkt. 6, p. 8). Hartsoe still has not explained the circumstances surrounding the arrest or why he contends the charges were false. In the Court's prior Order, Hartsoe was

instructed to provide details regarding his actions, the actions of the officers, the charges brought against him, and why those charges were dismissed. (Dkt. 4, p. 16). He did not do so. Aside from the nature of the charges brought against him, Hartsoe provides no additional information in his Amended Complaint regarding his false arrest or conspiracy claims.

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the United States Supreme Court held that a complaint must state "a plausible claim for relief." *Iqbal,* 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

Hartsoe alleges the officers were called to his property on a dropped 911 call, he states that he strapped on a gun before he left his house, he turned off the electricity and the phone, and told his wife (after strapping on the gun) that no one gets out alive. While he contends there was a conspiracy between Ms. Heisel and Detective Gehl, it seems just as likely that Ms. Heisel was seeking assistance from law enforcement regarding domestic dispute issues.

Hartsoe was given an opportunity to provide additional information regarding these claims and he failed to do so. There is no plausible claim for false arrest or conspiracy under the facts alleged. As such, all claims of false arrest and conspiracy should be dismissed.

**B. Excessive Force**

In paragraph 24 of the original Complaint, Hartsoe alleged he was assaulted by Detective Gehl and the John Doe Defendants. The only factual allegation regarding an assault is Hartsoe's statement that he was tased by John Doe #1. The Court found in its prior Order that this allegation, by itself, is insufficient to state a federal claim for relief. (Dkt. 4, p. 18). In that Order, Hartsoe was instructed to provide additional factual background regarding his arrest, including what he was arrested for, when the "assault" occurred (before or after the arrest), what precipitated the tasing, etc. In the Amended Complaint, Hartsoe indicated what he was arrested for and indicated Ms. Heisel was no longer at the scene when he was arrested. Hartsoe has simply failed to present sufficient facts to allege a claim of excessive force and the claim should be dismissed.

**C. Sheriff Larson**

In his original Complaint, Hartsoe alleged Sheriff Larson conspired with or somehow caused Justice of the Peace Wall to set a higher bail for him. The Court found, however, that Hartsoe failed to set forth facts sufficient to state a federal claim for relief against Larson. Hartsoe did not provide any further information regarding this claim in his Amended Complaint. As set forth in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. This vague claim of conspiracy, without any factual basis, is insufficient to state a federal claim and the claim should be dismissed.

## III. CONCLUSION

### A. Leave to Amend

For the reasons set forth above and as set forth in the Court's prior Order, Hartsoe has failed to state a claim upon which relief may be granted. Given the facts in Hartsoe's Complaint and Amended Complaint and because Hartsoe was given an opportunity to amend his claims, it is clear the defects set forth above cannot be cured by the allegation of other facts. As such, this matter should be dismissed.

### B. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Hartsoe's allegations fail to state a claim upon which relief may be granted.

### C. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For

8

purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Hartsoe's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**D. Address Changes**

At all times during the pendency of these actions, Hartsoe SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Hartsoe has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a notion of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be dismissed for failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Hartsoe has failed to state a claim.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Hartsoe may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of April, 2011.

         /s/ Jeremiah C. Lynch
         Jeremiah C. Lynch
         United States Magistrate Judge