**FILED**

MAY 2 3 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| JOHN L. HARTSOE, | ) | CV 11-17-M-DWM-JCL |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| DONNA HEISEL, MIKE GEHL, LUCKY LARSON, DEBRA CHRISTOPHER, CHUCK WALL, MARK RUSSELL, KENNETH MAUGHAN, OFFICER TODD, DERRICK THRODEN, SANDY VAN SKYOCK, and JOHN DOES 1-3, | ) | |
| Defendants. | ) | |

John L. Hartsoe, a state prison proceeding pro se, brought this action alleging a wide assortment of claims under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Lynch. Judge Lynch issued an Order and Findings and Recommendation on March 3, 2011, finding the

Complaint failed to state a claim. He recommended some of the claims be dismissed outright because they could not be cured through amendment, and simultaneously gave Hartsoe an opportunity to amend the others. On March 21, 2011, Hartsoe filed an Amended Complaint that included objections to the recommendation that certain claims be dismissed outright.

On April 29, 2011, Judge Lynch issued a second Findings and Recommendation. He found the Amended Complaint also failed to state a claim upon which relief may be granted, and accordingly recommended the matter be dismissed. Hartsoe timely filed objections to that recommendation on May 17, 2011.

Hartsoe is entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Despite his objections, I agree with Judge Lynch's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Hartsoe first objects to Judge Lynch's finding that Judge Christopher and Justice of the Peace Wall are immune from the claims alleged against them.

Hartsoe insists they broke several laws as well as the Constitution during the course of the criminal proceedings against him. The objection misses the mark. Hartsoe's claims against Judge Christopher and Justice of the Peace Wall are based on actions they took in their judicial capacity for which they had jurisdiction. As such, they are immune from the claims. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

Judge Lynch also found County Attorney Russell to have prosecutorial immunity for the claims alleged against him. Hartsoe "hopes" the Court sees Russell's actions as falling outside of his functions associated with the judicial phase of the criminal process. Hartsoe does not, however, identify how or why Judge Lynch's finding was incorrect. Despite Hartsoe's hope to the contrary, upon de novo review I agree with Judge Lynch that the allegations against Russell, such as presenting photos during the arraignment, fall within the ambit of prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

Hartsoe claims Defendants Maughan and Todd illegally arrested him. Judge Lynch found the arrest not improper based on the fact that they arrested Hartsoe pursuant to Judge Christopher's orders to do so for contempt of court. Hartsoe objects that Judge Christopher sent him a written statement in which the Judge admitted his arrest was the result of a misunderstanding. The objection is

unavailing. Hartsoe's Complaint alleges Judge Christopher "had [him] arrested for contempt of court." Compl. ¶ 49 (dkt #2). There is no allegation that Defendants' arrest of him was not in accordance with the Judge's instruction, or that they did not release him once the Judge explained that he should not be detained. I thus agree with Judge Lynch that there is no false arrest claim here because Hartsoe was detained with legal process. See Wallace v. Kato, 549 U.S. 384, 389 (2007).

Hartsoe also claims Defendant Throden unconstitutionally put him in an isolation cell and forced him to eat. Judge Lynch found one day of isolation and requiring him to eat was neither punishment nor excessive. In objection, Hartsoe insists to the contrary. I agree with Judge Lynch's conclusion that being placed in isolation for one day in attempt to get a pretrial detainee to eat does not rise to the level of a due process violation.

Hartsoe next objects to Judge Lynch's finding that the allegations that Defendant Van Skyock, a probation officer, violated his right to counsel should be dismissed. Hartsoe argues that she denied him legal counsel by giving him legal advice. The argument fails. Even if Van Skyock gave Hartsoe legal advice, this does not constitute a deprivation of any right to counsel. Hartsoe also objects that he requested an application for a public defender in March 2010, but the county

jail refused to provide him one. Liberally construed, this could potentially state a claim for denial of access to the courts. That, however, would require a showing of an "actual injury," see Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989), which Hartsoe cannot do. The Montana Supreme Court's docket shows that in March 2010 Hartsoe requested and the next month he was appointed counsel. State v. Hartsoe, DA 10-0160.[1]

Hartsoe also challenges Judge Lynch's finding that he did not allege facts supporting a claim of excessive force. Hartsoe insists that there was no justification for force because his former wife was not present at the time of his arrest and the police arrested him without speaking to her first. Even if true, these facts do not negate a justification for the use of force or otherwise support a claim for excessive force.

Finally, Hartsoe requests the Court appoint counsel to represent him in this matter. There is no right to counsel in a § 1983 action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998). The Court may request counsel to represent an indigent litigant but only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015,

---

[1] The Court may take judicial notice of records in other courts. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1017 (9th Cir. 1991). The existence of exceptional circumstances turns on "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).

Hartsoe's pleadings fail to state a claim; thus there is no chance of success on the merits. At the same time, through his multiple filings, Hartsoe has demonstrated sufficient ability to plead his case. His case fails not due to his inability to articulate it but rather because it fails as a matter of law. There are no exceptional circumstances justifying the appointment of counsel.

I find no clear error in Judge Lynch's remaining findings and recommendations.

Accordingly, the Court issues the following:

## ORDER

1. The Findings and Recommendations (dkt ## 4, 7) are adopted in full.

2. This matter is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk of Court shall close this case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. Hartsoe's request for counsel is DENIED.

4. The docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

5. The docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24 (a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this 23rd day of May, 2011.

Donald W. Molloy, District Judge
United States District Court